1  LESTER J. MARSTON
   California State Bar No. 081030
2  RAPPORT AND MARSTON
   405 West Perkins Street
3  Ukiah, California 95482
   Telephone: 707-462-6846
4  Facsimile: 707-462-4235
   Email: marston1@pacbell.net

5  Attorneys for Plaintiff
   the Alturas Indian Rancheria
6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ALTURAS INDIAN RANCHERIA, and          Case No.
    WENDY DEL ROSA, member of the Business
11  Committee
                                           COMPLAINT FOR DECLARATORY AND
12              Plaintiff,                  INJUNCTIVE RELIEF

13  v.

14  RYAN ZINKE, Secretary of the United States
    Department of the Interior; AMY DUTSCHKE,
15  Pacific Regional Director, Bureau of Indian
    Affairs; VIRGIL AKINS, Northern California
16  Agency Superintendent; Indian Affairs,

17              Defendants.

18

19                    INTRODUCTION

20      1.  This is an action brought by the Alturas Indian Rancheria ("Tribe"), a federally recognized

21  Indian tribe, Wendy Del Rosa, a member of the Tribe's Business Committee (hereinafter referred to

22  collectively as the "Tribe") seeking an order from this Court declaring that the decision of the

23  Secretary of the Interior, acting through the Interior Board of Indian Appeals, recognizing Philip Del

24  Rosa ("Del Rosa"), as the Chairman of the Tribe in direct violation of the final non-appealable

25  decision of the Tribe's General Council, prohibiting Del Rosa from holding office and voting in tribal

26  matters, was clearly contrary to tribal and federal law and constituted an impermissible interference in

27  the internal governmental affairs of the Tribe in direct violation of federal common law, the

28

                           1
   _____
                        COMPLAINT

Administration Procedure Act, 5 U.S.C § 701 et seq.(APA), and the United States solemn trust obligation that it owed to the Tribe. The Tribe also seeks an order prohibiting the Secretary and other federal defendants (collectively "Federal Defendants") from recognizing Del Rosa as the Chairman of the Tribe and the right to vote on all Tribal matters.

### JURISDICTION

2. This Court's jurisdiction over the Tribe's claims are based upon the following:

(a)    28 U.S.C. § 1331, in that this action arises under the Constitution and laws of the United States;

(b)    28 U.S.C. § 1361, in that the Tribe seeks to compel officers and employees of the United States and its agencies to perform duties owed to the Tribe, and

(c)    28 U.S.C. § 1362, in that the Tribe is a federally recognized Indian tribe that asserts that the Federal Defendants' actions are inconsistent with the Constitution and laws of the United States.

### VENUE

3. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that the Federal Defendants reside or are subject to suit in the Eastern District of California and the Tribe's claims arose within the Eastern District.

### PARTIES

4. Plaintiff, the Alturas Indian Rancheria ("Tribe"), is a federally recognized Indian tribe, located in Modoc County, California, organized under the provisions of the Indian Reorganization Act, 25 U.S.C. § 476, et seq., under a written Constitution that has been approved by the Secretary of the Interior and which designates the Tribe's General Council as the governing body of the Tribe. See Federal Register Notice published by the Secretary of the Interior at 75 Federal Register 60810, attached hereto as **Exhibit 1**.

5. Plaintiff, Wendy Del Rosa is an enrolled member of the Tribe and a member of the Tribe's General Council and Business Committee.

6. Defendant, Ryan Zinke ("Zinke"), is the Secretary ("Secretary") of the United States Department of the Interior ("DOI"). Zinke is sued in his official capacity as the Secretary of the DOI.

7. Defendant, Amy Dutschke ("Dutschke"), is the Pacific Regional Director of the BIA. Dutschke is sued in her official capacity as the Pacific Regional Director of the BIA.

8. Federal Defendant Virgil Akins ("Akins"), is the Superintendent of the Northern California Agency ("Agency") of the BIA. Akins is sued in his official capacity as the Superintendent of the Agency of the BIA.

9. Federal Defendants are all officers or employees of the DOI who have direct or delegated statutory duties or responsibilities for carrying out the United States government-to-government relationship with the Tribe and for fulfilling the trust responsibilities of the United States to the Tribe.

**GENERAL ALLEGATIONS**

10. The Tribe is a federally recognized Indian tribe organized under the provisions of the Indian Reorganization Act, 25. U.S.C. § 476, under a written Constitution ("Constitution"), which has been approved by the Secretary and which designates the Tribe's General Council as the governing body of the Tribe. A copy of the Tribe's Constitution is hereby incorporated by this reference and attached hereto as **Exhibit A**. The Constitution, also establishes a Business Committee consisting of the Tribe's duly elected Chair, Vice-Chair and Secretary-Treasurer. Under the Constitution the Business Committee has the authority to conduct the day to day business affairs of the Tribe, when the General Council is not in session. All decisions of the General Council, under the Constitution, are binding on the Business Committee.

11. On March 20, 2012, the Tribe, pursuant to its Constitution and through its General Council, enacted a Code of Conduct ("Code") that established punishable offenses for members of the Tribe that engaged in misconduct as defined by the Code. A copy of the Code is hereby incorporated by this reference and attached hereto as **Exhibit B**.

12. On July 9, 2012, the Tribe, pursuant to its Constitution and the Code, by and through its General Council, gave notice ("Notice") to Del Rosa that the General Council had filed a petition ("Petition") with the Business Committee seeking the removal of Del Rosa from the position of

Chairman of the Tribe. A copy of the Notice and Petition are hereby incorporated by this reference and attached hereto as **Exhibit C.**

13. On October 22, 2013, the Tribe, pursuant to its Constitution and the Code, by and through its General Council, affirmed the July 9, 2012, decision removing Del Rosa as Chairman of the Tribe and Business Committee and suspended all of Del Rosa's right to vote in any Tribal elections and all Business Committee and General Council matters. A copy of the October 22, 2013, decision of the General Council is hereby incorporated by this reference and attached hereto as **Exhibit D**.

14. On January 27, 2015, the Tribe, by and through its General Council, sent a letter to Akins, requesting that for Fiscal Year 2015 that the DOI, BIA enter into a 638 Contract ("638 Contract"), with the Tribe, pursuant to the provisions of the Indian Self-Determination, Education Assistantance Act, 25. U.S.C. § 450 et seq. ("ISDEAA"). A copy of the Tribe's January 27, 2015, letter to Akins is hereby incorporated by this reference and attached hereto as **Exhibit E**.

15. On April 3, 2015, the BIA, Agency, sent a letter to the Tribe declining to enter into a 638 Contract with the Tribe for the Fiscal Year 2015 and instead issued a decision ("2015 Decision") holding that the Business Committee elected on April 2, 2012, of Phillip Del Rosa, Chairman, Darren Rose, Vice-Chair and Wendy Del Rosa, Secretary-Treasurer, was the group that the BIA, Agency would enter into a 638 Contract with on behalf of the Tribe. A copy of the April 3, 2015, Decision is hereby incorporated by this reference and attached hereto as **Exhibit F**. The BIA, Agency, made this 2015, Decision despite the fact that the General Council had removed Del Rosa from the position of Chairman and had suspended his voting rights.

16. On October 15, 2015, the BIA, Pacific Region Director, affirmed the 2015 Decision of the Agency, holding that the Business Committee elected on April 2, 2012, including Del Rosa, as Chairman, would be the group the BIA, Agency, would 638 Contract with on behalf of the Tribe, pursuant to the provisions of the ISDEAA. A copy of the BIA Regional Director's, October 15, 2015, Decision is hereby incorporated by this reference and attached hereto as **Exhibit G.**

17. On April 19, 2016, the BIA, Agency, issued a written decision ("Decision I") refusing to recognize any tribal members as representing the government of the Tribe for the purpose of carrying

4

COMPLAINT

on the United States government-to-government relationship with the Tribe or for purposes of entering into any 638 Contract under the ISDEAA with the Tribe for Fiscal Year 2016. A copy of Decision I is hereby incorporated by this reference and attached hereto as **Exhibit H**.

18. On January 13, 2017, the BIA, Pacific Region Director, affirmed Decision I of the Agency, issued on April 19, 2016, that the BIA would not recognize any group or individuals as representing the Tribal government of the Tribe for the purpose of carrying out the United States government-to-government relationship with the Tribe or entering into a 638 Contract with the Tribe for Fiscal Year 2016 ISDEAA funds.  This decision ("Regional Director's Decision I") of the Regional Director was not appealed by any member of the Tribe and is now a final non-appealable DOI decision.  A copy of the Regional Director's Decision I is hereby incorporated by this reference and attached hereto as **Exhibit I**.

19. On February 28, 2017, the BIA, Agency, issued a decision ("Decision II") affirming its prior Decision I refusing to recognize any group or individual as the Tribe's governing body and refusing to enter into a 638 Contract with the Tribe for Fiscal Years 2016 and 2017, pursuant to the ISDEAA. Decision II of the Agency was not appealed to the Regional Director and is now a final non-appealable decision of the DOI. A copy of the Agency Decision II is hereby incorporated by this reference and attached hereto as **Exhibit J**.

20. On June 30, 2017, the Interior Board of Indian Appeals ("IBIA") sitting on behalf of the Secretary, upheld the Regional Director's Decision I of October 15, 2015, recognizing the Tribe's Business Committee elected in 2012, for the limited purpose of entering into a 638 Contract with the BIA, Agency, for Fiscal Year 2015 ISDEAA funds. The IBIA's June 30, 2017 decision ("IBIA Decision") recognized Del Rosa as the Chairman of the Tribe for purposes of 2015, 638 Contracting. In its IBIA Decision, the IBIA affirmed that the Agency's Decision II, refusing to recognize a tribal government for purposes of 638 contracting for Fiscal Years 2016 and 2017, was final and binding on the DOI. A copy of the IBIA Decision is hereby incorporated by this reference and attached hereto as **Exhibit K**.

21. On July 6, 2017, Darren Rose ("Rose") and Del Rosa, purporting to represent the Tribe, sent a letter to Akins requesting that the Agency of the BIA, allow them [Del Rosa and Rose] to "...drawdown funds for Fiscal Years 2016 and 2017, under the [proposed 638] contract between the BIA and the Tribe..." A copy of the July 6, 2017, letter from Rose and Del Rosa to Akins is hereby incorporated by this reference and attached hereto as **Exhibit L**.

22. On July 24, 2017, Rose and Del Rosa, purporting to represent the Tribe, sent a letter to the Agency requesting that the Agency "release the first quarter of contract funds [to Rose and Del Rosa] for 638 Contract Fiscal Year 2015..." A copy of the July 24, 2017, letter from Rose and Del Rosa to the Agency of the BIA is hereby incorporated by this reference and attached hereto as **Exhibit M**.

23. On July 26, 2017, the BIA, Agency, issued a second decision ("Decision II") stating "...in response to the Tribe's ...letter of July 24, 2017, ...the Agency will be conducting business in its government-to-government relationship with the Alturas Indian Rancheria through the Tribe's Business Committee elected April 2, 2012." The April 2, 2012, Business Committee consisted of Del Rosa as the Chairman of the Tribe. A copy of the BIA's July, 26, 2017, Decision II is hereby incorporated by this reference and attached hereto as **Exhibit N**.

24. On August 1, 2017, the General Council of the Tribe, by and through Wendy Del Rosa, sent a letter to Akins, BIA Superintendent of the Agency requesting clarification of the BIA's July 26, 2017 Decision II. In the letter, Wendy Del Rosa requested that the BIA clarify whether the IBIA Decision only authorized the BIA to recognize the 2012 Business Committee for the limited purpose of contracting for 638 Contract funds for Fiscal Year 2015 and for no other purpose. A copy of the August 1, 2017, letter from Wendy Del Rosa to Akins is hereby incorporated by this reference and attached hereto as **Exhibit O**.

25. On or about August 16, 2017, Wayne Smith, Tribal Administrator for the Tribe, recognized as such, by Wendy Del Rosa and the majority of the Tribe's General Council, telephoned and spoke with Akins. In the call, Akins advised Mr. Smith, that based upon the IBIA Decision, the BIA Agency, was going to recognize, for the purpose of the United States maintaining its government-to-government relationship with the Tribe, the Tribe's 2012 Business Committee, including Del Rosa, as

Chairman of the Tribe. Akins' decision to interpret the IBIA's Decision as authorizing the BIA to recognize Del Rosa as the Tribe's Chairman, was made with the knowledge that the General Council had previously removed Del Rosa from the office of Chairman and had suspended Del Rosa's right to vote in all General Council and Business Committee matters. On August 16, 2017 the BIA also executed a 638 Contract for Fiscal Year 2016 and 2017 ISDEAA funds with Rose and Del Rosa. A copy of the August 16, 2017, 638 Contract is hereby incorporated by this reference and attached hereto as **Exhibit P**.

26. By recognizing Del Rosa as the Chairman of the Tribe, with the right to vote in all matters that come before the Business Committee, thereby effectively overturning and reversing the decision of the General Council to remove Del Rosa from office and suspend Del Rosa's voting rights, the BIA Agency has illegally interfered with the ability of the Tribe to govern itself and has impermissibly involved itself in the internal affairs of the Tribe in violation of federal law.

## FIRST CAUSE OF ACTION

### (Violation of Federal Common Law)

27. The Tribe realleges each of the allegations set forth in Paragraphs 1 through 26 above, and by this reference incorporates each allegation herein as if set forth in full.

28. The federal courts have consistently held that a final judgment of a tribal tribunal interpreting and applying tribal law is binding on the federal government and the federal courts.

29. Here, the General Council of the Tribe, sitting as a quasi-judicial body, entered a final, non-appealable decision, based entirely upon tribal law, removing Del Rosa from the office of Chairman of the Tribe and suspending his right to vote in all General Council and Business Committee matters until he re-paid all of the funds the General Council found Del Rosa stole from the Tribe while he was Chairman of the Tribe.

30. The DOI, BIA decision to recognize Del Rosa as the Chairman of the Tribe for all government-to-government relations between the Tribe and the United States and recognizing Del Rosa's right to vote in all General Council and Business Committee matters, constitutes an

COMPLAINT

impermissible interference in the internal affairs of the Tribe in direct violation of federal common law.

31. An actual controversy exists between the Tribe and the Federal Defendants in that the Tribe contends that the Federal Defendants recognition of Del Rosa as the Chairman of the Tribe with the right to vote in all tribal matters, violates federal common law, while the Federal Defendants contend that their actions in recognizing Del Rosa as the Chairman of the Tribe is consistent with applicable law.

WHEREFORE, the Tribe prays as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Violation of the APA, 5 U.S.C. § 701, et seq.)

32. The Tribe realleges each of the allegations set forth in Paragraphs 1 through 31 above, and by this reference incorporates each allegation as if set forth in full.

33. By recognizing Del Rosa as the Chairman of the Tribe with the right to vote in all Tribal matters, the Federal Defendants have interfered in the internal affairs of the Tribe and have refused to recognize and enforce a final, non-appealable decision of a tribal tribunal in direct violation of federal common law.

34. The Federal Defendants actions, as alleged above, are arbitrary, capricious and an abuse of discretion, or otherwise not in accordance with federal law, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. ("APA").

35. Unless the Federal Defendants are restrained and enjoined from recognizing Del Rosa as the Chairman of the Tribe with the right to vote in all tribal matters, the Tribe will suffer irreparable harm for which it will have no adequate remedy at law, in that it will be deprived of its right to govern itself under its own tribal laws in direct violation of federal common law and the APA.

36. An actual controversy exists between the Tribe and the Federal Defendants in that the Tribe contends that the Federal Defendants actions recognizing Del Rosa as the Chairman of the Tribe are arbitrary, capricious and in violation of federal common law and the APA, while the Federal

Defendants contend their actions in recognizing Del Rosa as the Chairman of the Tribe is consistent with applicable law.

## THIRD CAUSE OF ACTION

### (Breach of Trust)

37. The Tribe realleges each of the allegations set forth in Paragraphs 1 through 36 above, and by this reference incorporates each allegation herein as if set forth in full.

38. The United States has entered into a fiduciary relationship with the Tribe pursuant to which the United States has voluntarily agreed to recognize the Tribe as a government with the right of the Tribe to govern its members under its own tribal laws.

39. The failure of the Federal Defendants to recognize and enforce the General Council's decision removing Del Rosa from the office of Chairman and recognizing the right of the Tribe to govern itself, constitutes a breach of the United States fiduciary trust duties owned to the Tribe by the United States.

40. An actual controversy exists between the Tribe and the Federal Defendants in that the Tribe contends that the Federal Defendants have a fiduciary duty to recognize and enforce the General Council's decision removing Del Rosa from office and suspending his right to vote, while the Federal Defendants claim that they owe the Tribe no such duty.

41. Unless the Federal Defendants are restrained and enjoined from refusing to recognize the General Council's decision removing Del Rosa from the office of Chairman and suspending his right to vote in tribal matters, the Tribe will suffer irreparable harm for which it has no adequate remedy at law, in that the Tribe will be denied its right to govern itself under its own laws consistent with the United States fiduciary trust obligations to recognize the Tribe's sovereign right of self-government.

## PRAYER FOR RELIEF

WHEREFORE, the Tribe prays, pursuant to all of its claims, as follows:

1. That the Court declare that the Federal Defendants acted arbitrary and capriciously in violation of federal common law and the APA, by recognizing Del Rosa as the Chairman of the Tribe with the right to vote in all tribal matters;

2. That the Court declare that the Federal Defendants breached their fiduciary obligation to the Tribe imposed upon them by federal common law, by recognizing Del Rosa as the Chairman of the Tribe, entitled to vote in all tribal matters;

3. That the Court provisionally and permanently restrain and enjoin the Federal Defendants from recognizing Del Rosa as the Chairman of the Tribe, with the right to vote in any tribal matters;

4. That the Court award reasonable attorneys' fees, expenses, and costs to the Tribe, pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412, on the grounds that the Federal Defendants' position is not substantially justified; and

5. That the Court grant the Tribe such other relief as the Court may deem appropriate.


DATED: August 21, 2017

Respectfully Submitted,

RAPPORT AND MARSTON


By:   */s/ Lester J. Marston*
LESTER J. MARSTON
Attorney for Plaintiffs,
Alturas Indian Rancheria and
Wendy Del Rosa, Chair